O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD J. WRIGHT,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>A.M. GONZALES, Warden,<br><br>　　　　Respondent. | CASE NO. CV 13-5945 CAS (RZ)<br><br>ORDER SUMMARILY DISMISSING PAROLE HABEAS ACTION PURSUANT TO *SWARTHOUT v. COOKE* |

　　　　Because Petitioner's challenge to his recent denial of parole plainly lacks merit, the Court will dismiss the action summarily. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides in part that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

　　　　Petitioner Edward J. Wright is serving a lengthy prison sentence following his 1983 convictions for murder and robbery. In November of 2012, the Board of Parole Hearings found him unsuitable for parole. Having exhausted a state habeas challenge to the parole denial, Petitioner now seeks habeas relief from this Court. In two overlapping claims, he asserts that the Board improperly weighed the evidence and thereby denied his federal Due Process rights.

Relief is foreclosed by *Swarthout v. Cooke*, 562 U.S. __, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (*Cooke*). *Cooke* reversed two rulings by the Ninth Circuit granting habeas relief based on a lack of "some evidence" of the inmates' current dangerousness. *Cooke* said that such a "some evidence" requirement is a state, not federal, requirement and held that "the responsibility for assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." The federal habeas court's inquiry – in cases, such as this one, in which a prisoner seeks habeas relief based on an alleged violation of the federal Due Process Clause – is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." *Id.*, *citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex*, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).

Here, Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the denial of parole. *See* Exs. 1 & 2 to Pet. (board hearing transcript excerpts). Petitioner sharply disagrees with those reasons, but "[t]he Constitution does not require more." *Greenholtz*, 442 U.S. at 16. In light of *Cooke*, Petitioner presents no cognizable claim for relief based on federal law.

For the foregoing reasons, the Court DISMISSES the action with prejudice.

DATED: August 19, 2013

*Christina A. Snyder*

———————————————
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE